**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SAM ALAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2377 |
| | § | |
| SKY RECOVERY SERVICES, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Sam Alam, sued Sky Recovery Services, Ltd. and Mark S. Swearingen in state court, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a *et seq*. The defendants timely removed and moved to dismiss. Alam amended his complaint to allege claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. The magistrate judge recommended that the motion to dismiss, which had been converted to a summary judgment motion, be granted. Alam filed objections and a motion for reconsideration. (Docket Entry No. 11). The district court judge previously handling this case adopted the magistrate judge's report and recommendation on the FDCPA claims, overruling Alam's objections. (Docket Entry No. 12). Because the magistrate judge had addressed the FDCPA claims but not the FCRA claims, the district court rejected the recommendation to dismiss the case in its entirety. Instead, the district court granted the summary judgment motion in part and denied it in part and gave the defendants thirty days to file a dispositive motion on the FCRA claims that remained.

The defendants timely filed a motion to dismiss under Rule 12(b)(6) and alternatively a motion for a more definite statement under Rule 12(e). (Docket Entry No. 13). Alam responded

to the defendants' Rule 12 motions on the FCRA claims and again moved for reconsideration of the ruling on the FDCPA claims. (Docket Entry No. 16).

Alam is proceeding *pro se*. Courts apply "less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe the briefs of *pro se* litigants." *Sanders v. Barnhart*, 105 Fed. Appx. 535, 536 (5th Cir. 2004) (citing *Grant v. Cuellari*, 59 F.3d 523, 524 (5th Cir.1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993)).

Based on a careful review of the motion and response, the pleadings, the parties' submissions, and the applicable law, with the liberal approach due *pro se* filings, this court denies Alam's motion for reconsideration and grants the defendants' motion to dismiss. The reasons are explained below.

## I.  Background

In April 2008, Alam applied for a loan with Wallis State Bank. The bank checked Alam's credit history and discovered that Sky Recovery had filed a report with the credit bureau stating that Alam owed $44,000. The bank denied Alam's loan application. Alam called Sky Recovery to ask about the reported debt. He alleges that they were "very hostile" to him, called him "scum," and threatened him with a lawsuit. Alam wrote to Swearingen, Sky Recovery's manager, to dispute the debt and request any information about the report. Swearingen responded and informed Alam that Sky Recovery made the report because of a debt Alam owed Swearingen and his business partner, Fred Schiller. Alam replied that he knew Schiller but did not know Swearingen and asserted that he had not done business with either of them. Alam again disputed the debt and requested proof that he owed them any money. Alam alleges he did not received any proof of this debt.

The record reveals that the debt Sky Recovery reported to the credit bureau arose out of a commercial lease between Alam's company, Health Facility Consultants, Inc. (HFC), and its landlord, Arena Group, LP. Schiller is the president of Arena Group. Sky Recovery is a debt collection agency.

In the amended complaint, Alam alleged that "Defendants violated their duties as a furnisher of information under FCRA [] by failing to properly investigate the dispute." (Docket Entry No. 6). He alleged that the defendants "failed to follow procedures in reporting consumer credit information that both 'meet the needs of commerce' and are 'fair and equitable to the consumer.'" (*Id.*). Alam alleged that the defendants furnished information to a credit reporting agency that they knew was inaccurate. (*Id.*).

## II.   The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In 2007, the Supreme Court overruled the longstanding rule announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007). Under *Twombly*, a court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

"[A] plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, No. H-05-3912, 2007 WL 4443876, at *2 (S.D. Tex. Dec. 18, 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (quotations omitted). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Twombly*, 127 S. Ct. at 1967-70.

**III.    Analysis**

The FCRA creates civil liability for willful and negligent noncompliance by a consumer reporting agency, user, or furnisher of consumer credit information. *See* 15 U.S.C. §§ 1681n- 1681o. A "consumer reporting agency" is any person who "regularly engages in . . . assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). A "furnisher" of credit information is one who provides credit information to consumer reporting agencies. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d

1057, 1059 (9th Cir. 2002). The FCRA imposes four duties on furnishers of information who receive notice of a dispute about the completeness or accuracy of information provided to a credit reporting agency: "to conduct an 'investigation with respect to the disputed information;' to review all relevant information provided by the [credit reporting agency]; to report the results of its investigation to the [credit reporting agency]; and if the investigation finds the information is incomplete or inaccurate to report those results 'to all [nationwide] consumer reporting agencies to which the person furnished the information.'" *Id.*

In the motion to dismiss, the defendants argue that the pleadings establish that, as a matter of law, they are furnishers of credit information to consumer reporting agencies. The defendants argue that they are not a consumer reporting agency or a reseller that "assembles and merges information contained in the database" of other consumer reporting agencies to furnish the information to a third party. Under the FCRA, a furnisher of information may be liable under 15 U.S.C. § 1681s-2(b) only if the plaintiff pleads and proves that the furnisher was notified by a consumer reporting agency – not merely by the consumer – of the disputed debt. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 639-640 (5th Cir. 2002). The defendants argue that they cannot be held liable because it is undisputed that Alam, not a credit reporting agency, gave Sky Recovery notice of the disputed debt.

Alam argues that the defendants are not "true" furnishers of credit information because he did not engage in a business transaction with Sky Recovery or Swearingen. He argues that furnishers are "business and groups that sell you items on credit or make loans to you." (Docket Entry No. 16). Alam contends that the "defendants simply furnished the information to the credit bureau because they had access to the credit bureau and that it was done for a friend." (*Id.*). He also

argues that an individual or entity can only be considered a furnisher if they "comply with the rules to be considered as furnisher of information," namely, the four duties imposed by § 1681s-2(b). Alam argues that even assuming the defendants were furnishers of information, they violated the FCRA because they failed to determine whether the information about Alam's debt was complete and accurate.

Alam's argument that the defendants were not furnishers of credit information is unpersuasive. The term "furnisher" is not limited to individuals or entities who have personally engaged in a business transaction with the plaintiff. While the FCRA does not explicitly define "furnisher of information," courts have defined the term broadly to mean "an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Thomasson v. Bank One*, 137 F.Supp.2d 721, 722 (E.D.La. 2001); *see also Nelson*, 282 F.3d at 1059. The liability of collection agencies like Sky Recovery has been analyzed under the § 1681s-2(b) standards for furnishers of credit information. *See*, *e.g.*, *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 826-27 (7th Cir. 2005); *Davis v. Trans Union, LLC*, 526 F.Supp.2d 577, 585 (W.D.N.C. 2007); *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, 509 (D. Md. 2004). And the legislative history of the FCRA makes clear that collection agencies, which do not have a business relationship with the consumer, are included within the definition of furnishers. *See* H.R.Rep. No. 108-263, at 24 (2003) ("The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, *collection agencies*, and government agencies.") (emphasis added). The defendants' liability is properly analyzed as furnishers of credit information under § 1681s-2(b).

In this case, Alam's own allegations show that there was no notice of a disputed charge or debt sent to a credit reporting agency that in turn notified the defendants. Instead, Alam alleges that he personally asked Sky Recovery to remove the negative information from his file at the credit bureau. Alam alleges that he, not a credit reporting agency, called Sky Recovery and Swearingen to dispute the debt and complain. Alam's pleadings show that he did not dispute the debt in writing to a credit reporting agency. Alam's pleadings show that the notification the defendants received came from Alam, not from a credit reporting agency. The duties imposed by 15 U.S.C. § 1681s-2(b) were not triggered in this case.

Alam argues that "[i]n the past, the FCRA required furnishers to respond only to those disputes brought to the furnisher's attention by a credit reporting agency" but that the Fair and Accurate Credit Transaction Act of 2003, Pub.L. No. 108-159, 117 Stat. 1952, amended the FCRA to require furnishers to "respond to disputes about credit report items that are raised directly by the consumer." (Docket Entry No. 16). The amendment Alam refers to is contained in 15 U.S.C. § 1681s-2(a)(8), which pertains to the obligations of a furnisher of information upon direct notice by the consumer about inaccuracies in a consumer credit report. It is well settled that there is no private right of action for violations of § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)(1); *Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir. 2006); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *Bank One, N.A. v. Colley*, 294 F.Supp.2d 864, 868 (M.D.La. 2003). The defendants' motion to dismiss the FCRA claims is granted.

With respect to the FDCPA claims, Alam requested reconsideration of the court's ruling but did not offer any explanation as to why this court should reconsider the decision to grant summary judgment on those claims. The record does not reveal any basis for granting the requested relief.

Alam's motion for reconsideration is denied.

**IV.    Conclusion**

Alam's motion for reconsideration is denied.  The motion to dismiss the FCRA claim is granted.  No leave to amend is granted because there have been prior opportunities to amend.  This case will be dismissed by separate order.

SIGNED on March 13, 2009, at Houston, Texas.

                                       Lee H. Rosenthal
                                       United States District Judge